Kuehl v. FDIC                    CV-91-491-L   09/26/95

**THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


David E. Kuehl and Jean E. Kuehl

   v.                                #C-91-491-L

Federal Deposit Insurance Corporation
 as Receiver for Numerica Savings
 Bank, FSB, et al.

<u>**ORDER**</u>


Liability has been determined by the court in this case. The sole issue for the court's consideration is the amount if any owed by the plaintiffs on the promissory note signed by them on December 20, 1989 in the sum of $169,000.00.


BACKGROUND

The plaintiffs signed a mortgage deed to the Home Bank on December 20, 1989.  Subsequently this mortgage was assigned by Home Bank to the Resolution Trust Corporation (RTC) on September 14, 1994.  Joinder by RTC to assignment of mortgage by Home Bank was also dated on September 14, 1994 as well as assignment of rents and/or leases on the same date by joinder.

The property involved in this controversy is located at 3 Main Street, Pittsfield, New Hampshire.  Since the plaintiffs purchased this property in 1989 it has been well managed by Larry

Berkson, a resident of Pittsfield. Berkson has handled three or four other properties owned by the plaintiffs in Pittsfield as well as one hundred other units in the same town.

In the fall of 1991 Berkson was informed to send net proceeds from this rental property directly to Home Bank. He was authorized to expend money on small repairs, but had to receive permission to expend money on substantial repairs. The 3 Main Street property contained five apartments and five or six rooms, with a common kitchen and lavatory area.

One of the problems that Berkson was faced with and still is a matter of concern, is major repairs to the roof. The repairs could amount to $10,000.00.

David Kuehl is involved in having a portfolio of properties. He buys, improves, rents and sells properties. Kuehl purchased the property involved for $60,000.00 and then expended another $100,000.00 in capital improvements. He is very versatile doing much of the work himself as he is a master plumber and electrician. The rental income, from the property at issue, apparently was sufficient to meet monthly payments of approximately $1,000.00. Kuehl testified that problems with the bank and his other Pittsfield properties created financial problems for him, causing him to fall in arrears on the 3 Main Street property.

It is Kuehl's opinion that the property at the present time has a value of $20,000.00. He bases his assumption on the rationale that the property has depreciated in value to $40,000.00 from its former putative value of $169,000.00 and has current back taxes of approximately $20,000.00. The rents from June were $1,278.00, July $2,109.00 and August, 1995 $1,497.83. The court does not agree with the drastic reduction in value that Kuehl opines with regard to the property. There have been indications that due to economic conditions, falling real estate values and lack of proper maintenance that there has been substantial depreciation of this property. However, convincing evidence of the actual deterioration of the property was not submitted to the court.

Berkson has put rental payments approximating $5,000.00 in escrow pending determination of litigation in this case.

An issue did arise in computation of the correct interest rate during the trial. Initially interest on the promissory note was 12.25%. The promissory note had an adjustable rate every third year. The interest rate after three years was reduced to 9% in December, 1992. As there may have been a mistake in the computation of the interest rate the amount owing on the note was reduced from $185,226.60 to $177,022.87.

The court finds that RTC Mortgage Trust 1994-S5 is entitled

to judgment in the sum of $177,022.87.

The court has empathy with the Kuehl's predicament, but it is not under the aegis of this court according to the evidence presented to it to apply the law as set forth in <u>Murphy v. Financial Development Corporation</u>, 126 N.H. 536 (1985). The <u>Murphy</u> case was an action to set aside a foreclosure sale of a home. The court held that where a mortgagee fails to exercise due diligence, the proper assessment of damages is the difference between a fair price for the property and the price obtained at the foreclosure sale.

September 26, 1995

_____
Martin F. Loughlin
Senior Judge


Michael J. Sheehan, Esq.
Donald J. Williamson, Esq.
Steven A. Solomon, Esq.
R. Matthew Cairns, Esq.
Bridget C. Ferns, Esq.